IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-01569-PAB-STV

PATRICIA SHAVER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., S.I.,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant American Family Mutual Insurance Co.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 10]. Plaintiff filed a response, Docket No. 11, and defendant filed a reply. Docket No. 12.[1]

## I. BACKGROUND

    On May 10, 2023, a hailstorm damaged plaintiff Patricia Shaver's property at 6025 South Andes Circle, Aurora, Colorado. Docket No. 5 at 2-3, ¶¶ 7-8. Her property was insured through a homeowner's policy issued by defendant. *Id*. at 2, ¶ 7. Plaintiff reported the loss to defendant on May 16, 2023. *Id.* at 3, ¶ 9. Defendant assigned an adjuster Kenneth Thomas Howe to the claim. *Id.*, ¶ 10. On May 20, 2023, Mr. Howe

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 5, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

inspected the property. *Id.*, ¶ 12.[2]  On June 4, 2023, he issued a Replacement Cost Value ("RCV") estimate of $32,418.95 and an Actual Cash Value ("ACV") estimate of $29,238.89 for the damage sustained. *Id.*, ¶ 13.  Believing the estimate to be inadequate, plaintiff hired her own adjuster from the Construction Analytics Group. *Id.*, ¶ 15.  On February 24, 2025, her adjuster estimated the cost of the repair at $104,486.94 RCV and $98,188.18 ACV. *Id*.  Plaintiff claims that this estimate represents the true amount of loss sustained. *Id*.  Defendant has not paid the actual cash value or the replacement cost value to plaintiff. *Id.* at 4, ¶ 17.

On April 10, 2025, plaintiff filed this lawsuit in the District Court of Arapahoe County, Colorado.  *See generally id*.  She alleges that defendant's failure to timely pay her adjuster's estimate and to act reasonably and in good faith in investigating and resolving her claim constitute the following causes of action: (1) a breach of the insurance contract; (2) an unreasonable delay or denial of the benefits of her contract contrary to Colo. Rev. Stat. §§ 10-3-1113(3), 1115, and 1116; and (3) common law bad faith. *Id.* at 4-6.  On May 16, 2025, defendant removed the case to this court, invoking diversity of citizenship jurisdiction, Docket No. 1, and moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Docket No. 10.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v.*

---

[2] The complaint alleges that the inspection occurred on May 20, 2024, Docket No. 5 at 3, ¶ 12, and that defendant's adjuster estimated the damage to total $32,418.95 on June 4, 2023. *Id*. at 3, ¶ 13.  The Court assumes that the 2024 date is incorrect, and that the inspection occurred on May 20, 2023.

*Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court must accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true.  *Iqbal*, 556 U.S. at 681.  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, she has met the threshold pleading standard.  *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

## III.  ANALYSIS

As noted above, plaintiff brings three claims for relief: 1) breach of contract; 2) statutory bad faith; and 3) common law bad faith.  Docket No. 5 at 4-6.

### A. <u>Breach of Contract</u>

Count I of the complaint alleges that defendant breached its contractual duties under the policy by refusing to compensate plaintiff for her covered loss, as estimated by plaintiff's adjuster in the investigation dated February 24, 2025.  Docket No. 5 at 4-5, ¶¶ 22-24.

Under Colorado law, a plaintiff asserting a breach of contract claim must plead four elements: (1) the existence of a contract; (2) performance by the claimant or some justification for nonperformance; (3) failure to perform the contract by the defendant;

and (4) resulting damages to the claimant.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).[3]

Defendant argues that plaintiff's complaint is bereft of detail in as much as it fails to identify the nature of the damage that the residence sustained, what was omitted from defendant's estimate, and what policy provision defendant violated.  Docket No. 10 at 6-7.  Plaintiff responds that Fed. R. Civ. P. Rule 8(a) does not require her complaint to meet that level of specificity.  Docket No. 11 at 2.  The Court agrees that plaintiff fails to state a breach of contract claim.  First, the complaint does not identify what policy provision defendant failed to comply with.  Moreover, even if the Court presumed that plaintiff adequately alleged that defendant had a contractual duty to pay plaintiff for hail damage to her roof, the complaint does not allege what measure of damages the policy required American Family to pay under the policy, how defendant's adjuster failed to follow that contractual duty, and why plaintiff's adjuster created an estimate that conformed to the policy language.  The only detail alleged in the complaint is that defendant's adjuster lacked "knowledge, training, [and] experience" and that he allegedly produced an inaccurately low estimate of the property damage.  Docket No. 5 at 3, ¶ 16.  But these allegations do not allege a breach of contract.  As a result, plaintiff fails to plausibly allege that defendant breached a contractual obligation.  *See Snyder v. ACORD Corp.,* No. 14-cv-01736-JLK, 2016 WL 192270, at *12 (D. Colo. Jan. 15, 2016)

---

[3] Both parties assume Colorado law applies in this case.  *See generally* Docket Nos. 10, 11.  Accordingly, the Court will apply Colorado law.  *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

("Plaintiffs['] claims for breach of the insurance policies themselves fail because Plaintiffs have not identified any actual provisions of the policies or explained how Defendants breached them.").

### B. Statutory Bad Faith, § 10-3-1115

Count II of plaintiff's complaint alleges that defendant acted in bad faith and violated Colo. Rev. Stat. § 10-3-1115 by unreasonably delaying and denying benefits and payments owed to plaintiff. Docket No. 5 at 5-6, ¶¶ 26-29.

Section 10-3-1115 provides in relevant part:

> A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant. . . . [F]or the purposes of an action brought pursuant to this section and section 10-3-1116, an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

Colo. Rev. Stat. §§ 10-3-1115(1)(a), (2).

To prove a claim of unreasonable delay or denial, an insured must demonstrate that the insurer delayed or denied payment of benefits to the insured and the delay or denial was without a reasonable basis. *See Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185-86 (Colo. 2018).

The complaint alleges that defendant "conduct[ed] an inadequate and untimely investigation and under [paid] the claim, request[ed] redundant and immaterial information for purposes of delay, misstat[ed] the documentary evidence, fail[ed] to timely respond to emails and correspondence, us[ed] inexperienced and biased adjusters to obtain result oriented estimates to undervalue the . . . damage insurance claim, and forc[ed] Plaintiff to pursue litigation to recover for a legitimate claim." Docket No. 5 at 4, ¶ 19.

5

These allegations are essentially boilerplate.  Plaintiff does not allege facts that make it plausible that any delay and/or denial by American Family was unreasonable.  *See Kaiser v. Mountain States Mut. Cas. Co.*, No. 12-cv-01757-DME-KLM, 2013 WL 179454, at *5 (D. Colo. Jan. 17, 2013) (plaintiffs failed "[to] identify any act of [defendant], other than its failure to pay the claim, to support their assertion that [defendant] was unreasonable, or that it knowingly or recklessly disregarded their claim").

Plaintiff alleges that the hailstorm occurred on May 10, 2023, Docket No. 5 at 3, ¶ 8, and that plaintiff reported the loss to American Family on May 16, 2023.  *Id.*, ¶ 9.  Defendant's adjuster inspected the property on May 20, 2023.  *Id.*, ¶ 12.  His estimate was given to plaintiff on June 4, 2023.  *Id.*, ¶ 13.  The complaint does not allege any other communications between plaintiff and defendant until, over a year and a half later, plaintiff provided a repair estimate from a company plaintiff hired.  *Id.*, ¶ 15.  The company gave RCV and ACV estimates that were over three times higher than Mr. Howe's RCV and ACV estimates.  *Id.*  Plaintiff alleges that her company's estimates represent the "true amount" of the loss she sustained.  *Id.*

These allegations fail to state a plausible statutory bad faith claim.  First, because the complaint fails to allege what standard the policy contains to reimburse a policyholder for hail damage (such as RVC or AVC), the statutory bad faith claim fails to allege how Mr. Howe's estimates, which were lower, were unreasonable.  Moreover, the timing of Mr. Howe's inspection and estimates were not, on the face of the complaint, unreasonable delayed, and there is no allegation that American Family denied reimbursement or payment.  The bare allegation that plaintiff's estimate is the correct

6

valuation is insufficient.  *See Canady v. Nationwide Affinity Ins. Co. of Am.,* No. 19-cv-00344-RBJ, 2020 WL 376494, at *4 (D. Colo. Jan. 23, 2020) ("An insured should not be allowed to automatically accuse an insurer of bad faith in every situation in which the insurer disagrees with the insured about the value of a claim."); *Anderson v. Am. Nat'l Prop. & Cas. Co.*, No. 17-cv-03016-KMT, 2020 WL 406077, at *11 (D. Colo. Jan. 23, 2020) (granting summary judgment in insurer's favor in part because "reasonable value disputes are not evidence of bad faith or unreasonable conduct.").  Second, plaintiff's factually unsupported allegation that defendant requested "redundant and immaterial information for purposes of delay," misstated "documentary evidence," and failed to "timely respond to emails and correspondence," Docket No. 5 at 4, is boilerplate that does not allow the Court to draw a reasonable inference that American Family is liable for statutory bad faith.  *Iqbal*, 556 U.S. at 678.

### C. Common Law Bad Faith

Count III of plaintiff's complaint is a common law bad faith claim alleging that defendant unreasonably delayed and denied benefits to plaintiff with knowledge of or reckless disregard.  Docket No. 5 at 6-7, ¶¶ 31-34.

Common law bad faith, as with statutory bad faith, requires a showing that the insurer unreasonably delayed or denied benefit payment.  *See McKinney v. State Farm Mut. Auto. Ins. Co.,* No. 20-cv-01651-CMA-KLM, 2021 WL 4472921, at *4 (D. Colo. Sept. 30, 2021) (applying Colorado law).  However, common law bad faith additionally requires that the plaintiff "sufficiently allege . . . that the insurer *knowingly* or *recklessly* disregarded the validity of the insured's claim."  *Butman Fam. Inv. Ltd. P'ship v. Ownership Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25,

2020) (citing *Fisher v. State Farm Mut. Auto. Ins. Co.,* 419 P.3d 985, 990 (Colo. App. 2015) (emphasis added)).

As with plaintiff's statutory bad faith claim, the complaint fails to allege any unreasonable conduct by American Family, rendering this claim deficient.  Moreover, plaintiff fails to plausibly allege American Family knowingly or recklessly disregarded a duty to pay benefits to plaintiff.  The allegations of the complaint do not plausibly allege that defendant had actual or constructive knowledge, let alone recklessly disregarded, damages in excess of what defendant's adjuster estimated.  Plaintiff's mere allegation that American Family did not pay plaintiff's adjustor's estimate of the damage is insufficient to support a common law bad faith claim.  *See El Dueno, LLC v. Mid-Century Ins. Co.*, No. 21-cv-01532-DDD-JPO, 2024 WL 1236245 (D. Colo. Feb. 23, 2024) ("disagreements between an insurance company's expert and a plaintiff's expert do not necessarily suggest that the investigation or claim denial was unreasonable").  For example, in *Ryals v. American Family Ins. Co., S.I.*, No. 20-cv-02736-NYW, 2021 WL 848195 (D. Colo. March 5, 2021), the policyholder filed an insurance claim for damage sustained from a weather-related event.  *Id.* at *1.  Because the plaintiff was dissatisfied with defendant's damage estimate, she hired a public adjuster to get a second opinion.  *Id*.  The public adjuster provided a much higher damage valuation as compared to defendant's adjuster's estimate.  *Id.*  Plaintiff filed a complaint against defendant, alleging breach of contract, common law bad faith, and statutory bad faith based on defendant's refusal to make payments to plaintiff consistent with the public adjuster's appraisal.  *Id.* at *2.  The court held that the complaint failed to sufficiently allege all three of plaintiff's claims because it did not include specifics as to the physical

8

state of the roof, what defendant's adjuster omitted in his estimate, what defendant's estimate was as compared to the public adjuster's, and the amount defendant has paid plaintiff to date. *Id.* at *5, *7-8. Similarly, in this case, plaintiff does not plausibly allege any of her three claims against American Family.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that defendant's Motion to Dismiss [Docket No. 10] is **GRANTED**. It is further

**ORDERED** that this case is dismissed without prejudice. It is further

**ORDERED** that this case is closed.

DATED: December 18, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge